UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23314-CIV-ALTONAGA/Brown

**JACINTO SALGUIERO BANOS**,

    Petitioner,
vs.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Magistrate Judge Stephen T. Brown's Report and Recommendation ("Report") [ECF No. 11], entered on February 14, 2011. On September 14, 2010, Plaintiff, Jacinto Salguiero Banos, filed a Motion to Vacate the Judgment and Sentence Pursuant to F.R.C.P. § 2255 ("Motion") [ECF No. 1], which the Court construes as a Petition for Writ of Error Coram Nobis.[1] The Court referred the Motion to Magistrate Judge Brown for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). (*See* Order of Reference to Mag. Judge [ECF No. 3]). In his Report, Judge Brown recommends the Motion be denied. (*See* Report 6). Mr. Banos has not filed any objections to the Report, and the time for filing objections has passed.[2]

The Court has carefully reviewed the Report and the applicable law, and has conducted a *de*

---

[1] The provisions of 28 U.S.C. § 2255 do not apply to Mr. Banos since he is not currently in the custody of the United States. As a result, the Court construes Mr. Banos' Motion as a petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651(a). (*See* Report 3). The writ of coram nobis is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000), *cert. denied*, 531 U.S. 1144 (2001).

[2] "Failure to object to the magistrate's factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Case No. 10-23314-CIV-ALTONAGA/Brown

*novo* review of the record.

## I. BACKGROUND

In January 1998, Mr. Banos, then a Cuban citizen residing in the United States, was arrested and charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and possession of a controlled substance in violation of 21 U.S.C. § 841. (*See* Mot. 1). Mr. Banos retained attorney Arnaldo Jesus Suri to represent him. (*See id.*). On May 7, 1998, Mr. Banos entered a change of plea before the Honorable Shelby Highsmith, voluntarily pleading guilty to conspiracy to distribute a controlled substance. (*See id.*). Pursuant to 8 U.S.C. § 1227(a)(2)(B)(I), a conviction of this offense rendered Mr. Banos deportable. (*See* Report 2).

On July 20, 1998, Mr. Banos was sentenced to imprisonment for a term of 18 months, followed by 3 years of supervised release. (*See* Mot. 1). Mr. Banos has completed his term of imprisonment as well as his term of supervised release. (*See* Report 2). Mr. Banos has submitted an affidavit in which he states that as a result of his conviction he has been deported, does not qualify for a waiver to avoid deportation, and does not qualify to become a legal permanent resident or citizen. (*See* Banos Aff. [ECF 1-1] 2). Mr. Banos claims his attorney never advised him that pleading guilty to this charge would result in deportation. (*See* Mot. 1). Specifically, his attorney told him not to worry because "Cubans never get deported." (*Id.*). As a result of the immigration consequences he has suffered, Mr. Banos has filed the present Motion.

## II. ANALYSIS

In the Motion, Mr. Banos challenges his sentence and his resulting deportation on the basis of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, Mr. Banos must satisfy both prongs of *Strickland v. Washington*, 466 U.S. 668, 687–88, 693 (1984), by

Case No. 10-23314-CIV-ALTONAGA/Brown

showing (1) counsel's performance was deficient, and (2) the deficiency resulted in prejudice.

In support of his claim, Mr. Banos maintains he entered a change of plea based on inaccurate advice given to him by his attorney. (*See* Mot. 1). In particular, Mr. Banos claims his attorney assured him he would not suffer immigration consequences as a result of his guilty plea. (*See id.* 1, 4). Mr. Banos asserts that had he known his plea could result in his deportation, he would have gone to trial. (*See id.* 2). The undersigned agrees with Judge Brown that Mr. Banos fails to satisfy the *Strickland* test.

### A. *Strickland's* Performance Prong

Under the first prong of *Strickland*, "'the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'" *Stano v. Dugger*, 921 F.2d 1125, 1149 (11th Cir. 1991) (quoting *Strickland*, 466 U.S. at 688). Essentially, a petitioner must establish "'no competent counsel would have taken the action that his counsel did take.'" *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting *Chandler v. United States*, 219 F.3d 1305, 1315 (11th Cir. 2000)).

Mr. Banos relies on the recent case of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), to demonstrate that his attorney's performance was deficient. (*See* Mot. 3–4). In that case, the Supreme Court held that a lawyer representing a non-citizen defendant in connection with a guilty plea has a constitutional duty to advise the defendant "whether his plea carries a risk of deportation." *Padilla*, 130 S. Ct. at 1486. However, Mr. Banos was convicted prior to the *Padilla* decision. Thus, in order to obtain relief based on *Padilla*, Mr. Banos must establish the rule announced in *Padilla* is a "new rule" and the rule is retroactively applicable to convictions on collateral attack. *See Teague*

Case No. 10-23314-CIV-ALTONAGA/Brown

*v. Lane*, 489 U.S. 288 (1988).

Both Mr. Banos and the Government agree the rule announced in *Padilla* constitutes a "new rule." (*See id.*). Nonetheless, the rule will only apply retroactively if it is a "'watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" (*Id.* (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)). The Eleventh Circuit has not yet spoken on whether the rule announced in *Padilla* qualifies as a "watershed rule." (*Id.*). However, as Judge Brown appropriately concludes, the Court need not resolve this question in deciding Mr. Banos' Motion because, as discussed below, even if his counsel's advice was deficient, Mr. Banos fails to establish the prejudicial impact of the alleged deficiency. (*See* Report 5). Since Mr. Banos makes an insufficient showing of the second prong of the *Strickland* test, the Court need not continue addressing the first. *See Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1100 (11th Cir. 2007) (explaining a court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs); *Roach v. Roberts*, 373 F. App'x 983, 984 (11th Cir. 2010) ("A reviewing court need not address the performance prong of the test if the defendant cannot meet the prejudice prong, or vice-versa.").

### B. *Strickland's* Prejudice Prong

Under the second prong of *Strickland*, a petitioner must establish counsel's error was prejudicial. *See Strickland*, 466 U.S. at 694. In *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), the Supreme Court held that to demonstrate prejudice in the guilty plea context, a petitioner must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." The *Hill* Court further explained:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is the failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Id.* Additionally, the Eleventh Circuit has held that "a petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*." *Roach*, 373 F. App'x at 985.

Mr. Banos has submitted an affidavit in which he states that had he been advised his act of pleading guilty would result in his deportation, he would have gone to trial rather than entering a guilty plea. (*See* Banos Aff. 2). The Court is not persuaded by Mr. Banos' assertion. Had Mr. Banos proceeded to trial, he faced a statutory five-year mandatory minimum sentence on the conspiracy count alone, and the presumption of mandatory deportation would still have applied. (*See id.* 5). Moreover, as Judge Brown points out, Mr. Banos has never contended he was innocent of the crimes charged, nor has he offered any potentially meritorious defense. (*See* Report 6 ("Mr. Banos admitted to the facts underlying the offense, and has offered no possible defense which may have resulted in his being convicted of a lesser offense or his being acquitted at trial.")).

In sum, there is no evidence in the record, other than Mr. Banos' own assertion, that supports Mr. Banos' contention that he would have insisted on going to trial if he had been adequately informed of the potential immigration consequences. Therefore, Mr. Banos fails to make the

Case No. 10-23314-CIV-ALTONAGA/Brown

requisite showing that, but for counsel's advice, there is a reasonable probability he would not have pleaded guilty.

### III. CONCLUSION

Upon review of the Report, the pertinent portions of the record, and being otherwise fully informed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report **[ECF No. 11]** is **ADOPTED**.

2. The Motion to Vacate the Judgment and Sentence, construed as a Petition for Writ of Error Coram Nobis **[ECF No. 1]**, is **DENIED**.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of March, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record